UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 AUG -5 AM 9:47

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Magistrate Case No. '08 MJ 2415 |
| Plaintiff,  ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v.  ) | |
| ) | Title 8, U.S.C., Section |
| **David Joseph LASCELLES**  ) | 1324(a)(2)(B)(iii)- |
| ) | Bringing in Illegal Alien |
| Defendant.  ) | Without Presentation |

The undersigned complainant being duly sworn states:

On or about **August 4, 2008**, within the Southern District of California, defendant **David Joseph LASCELLES**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Rosalinda CARRENO-Flores**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

SIGNATURE OF COMPLAINANT
Alfredo Lopezna, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 5th DAY OF **AUGUST, 2008.**

UNITED STATES MAGISTRATE JUDGE



**PROBABLE CAUSE STATEMENT**

The complainant states that **Rosalinda CARRENO-Flores** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 4, 2008, at approximately 0140 hours, **David Joseph LASCELLES (Defendant)** made application for admission into the United States from Mexico at the San Ysidro, California Port of Entry vehicle lanes. Defendant was the driver and sole visible occupant of a Blue Ford Windstar. Upon inspection before a U.S. Customs and Border Protection (CBP) Officer, Defendant gave two negative customs declarations, presented his California Identification, and stated he was going to City Heights in San Diego, California. CBP Officer noticed that Defendant was sitting very rigidly and staring straight ahead. CBP Officer asked Defendant who the owner of the vehicle was and Defendant stated the vehicle belonged to a friend. After additional questions regarding ownership of vehicle, Defendant stated the vehicle was a company car. During a primary vehicle inspection, CBP Officer looked into a vent hole near the floor of the vehicle and noticed what appeared to be a person concealed inside the side quarter panel in a non-factory compartment. Defendant was escorted to a secure area and the vehicle was driven to secondary for further inspection.

In secondary, CBP Enforcement Officers detached the drivers' side quarter panel and extricated an adult female from within the compartment. The female was determined to be undocumented alien and citizen of Mexico. The female was held as a material Witness and is now identified as **Rosalinda CARRENO-Flores (Material Witness).**

During a videotaped interview, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. Defendant stated he traveled to Tijuana, Mexico with two friends and was picked up at a taxi stand by a male known to him as "Roberto". Defendant stated he was taken to a hotel by "Roberto", where there were people smugglers. Defendant stated "Roberto" drove the van to the port of entry and then got off to conduct some business with the vendors. Defendant stated "Roberto" then came back to the vehicle and told him what lane to drive in. Defendant stated he checked the vehicle for hidden people and took control of vehicle once "Roberto" left the vehicle. Defendant stated he was to drive the vehicle to H Street, in Chula Vista, California to an AM/PM gas station where he was to leave the keys under the seat so the mechanic could pick up the vehicle in the morning. Defendant stated he was then going get a ride or get some money to ride the train and travel to his home in San Ysidro, California.

During a separate videotaped interview, Material Witness declared she is a citizen of Mexico with no legal rights or entitlements to enter the United States. Material Witness stated she made her own smuggling arrangements with an unknown male in Tijuana, Mexico. Material Witness stated she was to pay $3,000 U.S. dollars to be smuggled into the United States. Material Witness stated she intended to travel to Los Angeles, California.